STATE *v.* CAVERLY.

When the time becomes material, either as constituting an element of the crime alleged, or as affording to the accused a bar to the prosecution, it must be accurately stated in the indictment.

After verdict and sentence, an application to vacate the judgment to enable the respondent to move in arrest is addressed to the discretion of the presiding judge, and his decision is not subject to revision unless discretion is reserved, expressly, for the whole court.

INDICTMENT against Charles H. Caverly, found at the February term, 1871, under General Statutes, chapter 256, section 4, for fornication alleged to have been committed with one Abby A. Caverly, July 6, 1869. Plea, not guilty, Verdict, guilty ; judgment on the verdict, and sentence. Six days after the verdict and four days after sentence, on motion of the defendant, the following entry was made on the docket : " The defendant moved, during the trial, that the State be required to elect the specific time of the alleged offence. The motion was granted. The State elected the period of two months, including one month before and one month after the conception of a child of Abby A. Caverly. It was agreed, during the trial, that said child was born in May, 1869. The foregoing entry is made after judgment and sentence."

When said entry was made on the docket, the defendant moved to reverse the judgment and quash the indictment. The court denied the motion, and the defendant excepted and filed this bill of exceptions.

*Hall, solicitor,* for the State.

*Wheeler & Smith,* for the respondent.

BELLOWS, C. J. By section 8, chapter 242 of the General Statutes, indictments and prosecutions for offences punishable like the one charged here, shall be found or commenced within one year after the offence is committed.

The offence is alleged to have been committed July 6, 1869, and the indictment was found at the February term, 1871, more than a year and a half after the offence. Ordinarily it is not necessary to prove the offence to have been committed on the precise day alleged, but when the time becomes material, either as constituting an element of the crime, or as affording to the accused a bar to the proceeding, it must be accurately stated, and a variance between the allegations and the proof is fatal. So it is held in *State* v. *Robinson,* 29 N. H. 274, and so it is considered in 4 Blk. Com. 306. In *State* v. *Hunkins,* 43 N. H. 557, the indictment was quashed, because on its face it appeared to have been found after the time limited by law.

Upon these authorities it would seem that it must be taken for the

purposes of a motion to quash the indictment, or a motion in arrest of judgment; that the time of committing the offence alleged in the indictment is the true time, and the proof shows that the offence was really committed earlier.

We have a case, then, where it is manifest that the respondent ought not to be convicted; and had the motion in arrest been made before sentence, judgment must have been arrested, unless indeed it appeared that the respondent was not usually and publicly resident within this State a year after the offence and before the indictment. The question then is, whether this court can now interfere and set aside the judgment and relieve the respondent.

On the authorities, I think it quite clear that the court at the same term possessed the power to vacate the judgment, and arrest it. *Judge of Probate* v. *Webster*, 46 N. H. 518. It was held in that case that a judgment might be vacated, even at a subsequent term, for good cause.

And we think it is clear that the court may vacate or alter its sentence at any time during the same term. 1 Ch. Chitty Crim. Law 541, and cases cited.

Whether this is a matter of discretion, to be exercised by the presiding judge alone, may be a question.

The application is in substance to vacate this judgment to enable the respondent to move to quash the indictment. The motion to quash, however, is not the proper remedy after verdict. It should be to arrest the judgment. But without regard to the form of the motion, we think the application to vacate the judgment is addressed to the discretion of the presiding judge, and is not subject to be revised by this court unless it be reserved for that purpose, as it clearly is not in this case.

For any error in the proceedings the respondent has already sufficient remedies by exceptions, or motion in arrest before judgment, and a writ of error after judgment.

The remedy by vacating the judgment, to give an opportunity to file exceptions or move in arrest, is an extraordinary one, and must often involve a consideration of facts for which the judge who tries the cause is peculiarly fitted; and we think it in accordance with the course of the courts in this State to hold his decision to be conclusive unless reserved by him. It certainly was so held in the *Judge of Probate* v. *Webster*, before cited, where the judgment was vacated.

To hold this decision of the presiding judge to be subject to be revised by the whole court when it is not reserved for that purpose, would be the introduction of a new remedy which might often prove to be mischievous, and which is not demanded for the protection of respondents.

In this case it may have appeared that the respondent was not usually and publicly resident within this State a year after the offence and before the indictment. Independent of this circumstance, however, we think that the application to vacate the judgment must be

regarded as matter of discretion, and not subject to revision unless specially reserved.

In *Rex* v. *Lookup*, 3 Burr. 1901, the court refused to stay the entering up of judgment already pronounced, on account of some defect in the indictment of a formal character, on the ground that there was no precedent for it, but left the respondent to his writ of error, which was brought, and the judgment reversed, showing that the defect in the indictment was fatal when properly taken advantage of.

It is laid down in 1 Ch. Cr. Law *663, that if the sentence is once pronounced, though the judgment be not actually entered, the court are not bound to attend at all to a motion to arrest the judgment, even though a formal error be discovered sufficient to reverse the judgment.

It is obvious, we think, that this must be so. The omission of the respondent or his counsel to call the attention of the court in due time to some defect in the proceedings may be of such character as justly to induce the court to withhold this mode of relief in order to insure attention and promptness, while, on the other hand, the delay may have been attended with no fault on the part of the respondent or his counsel, and the case might be such as to justify a resort to this extraordinary mode of relief.

These, as well as other considerations, show that an application of this kind must be addressed to the sound discretion of the judge who presides at the trial.

A doctrine that should give a respondent a right, as a matter of law, to vacate a judgment when once rendered, that he might interpose exceptions or motion in arrest which ought to have been made before judgment, would necessarily lead to a loose and dilatory practice that must necessarily be productive of much mischief.

*Exceptions overruled.*